# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL COBBOLD, | No. 4:20-CV-01292 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN DOUGLAS K. WHITE, | |
| Respondent. | |

## MEMORANDUM OPINION

### DECEMBER 21, 2020

## I.  PROCEDURAL BACKGROUND

On July 28, 2020, Petitioner, Nathaniel Cobbold, an inmate presently confined in the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania, initiated the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Cobbold claims a denial of Due Process when he was expelled from the Bureau of Prisons' Residential Drug Abuse Program (RDAP), and allegedly lost one year of early release as a result.[2] For relief, Petitioner seeks an injunction directing the Respondent to restore his early release eligibility.[3]

---

[1] Doc. 1.
[2] *Id*.
[3] *Id*.

Following an order to show cause,[4] Respondent filed a response on September 8, 2020.[5] Petitioner's traverse was filed on September 24, 2020.[6] For the reasons that follow, the Court will dismiss the petition.

## II.    FACTUAL BACKGROUND

On September 19, 2018, Cobbold was interviewed and qualified for the RDAP and began the program on October 2, 2018.[7] Cobbold was issued warnings by staff on November 16, 2018 and June 14, 2019, due to his difficulties in the program.[8] Specifically, Cobbold was reprimanded "for attesting that a peer's incomplete journal was complete" and for "failing to uphold RDAP principles, consistent with being part of a modified therapeutic community".[9]

Additionally, Cobbold was subsequently placed in the Special Housing Unit (SHU), due to the issuance of an incident report for Prohibited Act 331, "possessing a non-hazardous tool, namely, $100 worth of stamps."[10] While in the SHU, Dr. Julin met with Petitioner to discuss the incident, at which time he

---

[4]   Doc. 4.
[5]   Doc. 6.
[6]   Doc. 7.
[7]   Doc. 6-1 at 1, Declaration of Kristen Julin, Drug Abuse Coordinator (DAPC) at LSCI-Allenwood.
[8]   *Id*.
[9]   *Id*.
[10]  *Id*.

justified his behavior and failed to acknowledge treatment concerns.[11]  As a result, Petitioner was expelled from the RDAP pursuant to policy.[12]

On October 24, 2019, Petitioner met with the treatment team to discuss his expulsion and commitment to treatment.[13]  By this time, Petitioner's sanction had been reduced by the Disciplinary Hearing Officer to Prohibited Act 305 (possessing an unauthorized item).[14]  Petitioner continued to justify his behavior and stated that his disciplinary sanction "wasn't a big deal," evincing a lack of accountability.[15]  As a result, his expulsion was not reversed.[16]

On January 8, 2020, Petitioner again met with the treatment team to discuss his decision to reapply to RDAP.[17]  At this time, because Petitioner accepted responsibility for his expulsion and expressed his commitment to treatment, the team decided to allow Petitioner's readmission.[18]  Petitioner began RDAP a second time on February 25, 2020.[19]  Accordingly, Petitioner is currently in treatment and is eligible for a potential sentence reduction under 18 U.S.C. § 3621(e)(2).[20]

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

## III.  DISCUSSION

Article III of the United States Constitution provides that the "judicial Power shall extend to... Cases... [and] to Controversies."[21] "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies'."[22]

"The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot'."[23] Furthermore, "the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review."[24]

Here, the controversy of Petitioner's expulsion has been removed, as he has been readmitted to the program and provided a second opportunity to work toward a sentence reduction. As such, his request for reinstatement is moot.[25]

---

[21] U.S. Const, art. III, §§ 2.
[22] *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citing *Khodara Envtl., Inc. v. Beckman,* 237 F.3d 186, 192-93 (3d Cir. 2001)).
[23] *Nationalist Movement*, 273 F.3d at 533 (quoting *Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 698-99 (3d Cir. 1996)).
[24] *Nationalist Movement*, 273 F.3d at 533 (internal citations omitted).
[25] *Mayer v. Wallingford-Swarthmore Sch. Dist.*, 405 F.Supp.3d 637 (E.D. Pa. 2019) (holding that, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during the litigation," the action is no longer viable.)

Additionally, Petitioner's claims fail as there is no merit to Cobbold's claim that he is entitled to a discretionary sentence reduction. While Cobbold casts his claim as one involving a denial of access to the RDAP program, the facts reveal that Petitioner was not denied access to the RDAP program. He was admitted, but, by his own actions, forfeited the privilege of participating in the program. He now requests that this Court compel the BOP to exercise its discretion and award him with a sentencing reduction under this program. However, this Court is without authority to grant such relief.

While the RDAP program clearly contemplates early release for some inmates who successfully complete the program, it is also clear that the authority to make such sentencing reductions rests with the BOP since, by statute, these reductions are only available to nonviolent offenders who "in the judgment of the Director of the Bureau of Prisons, ... successfully completed a program of residential substance abuse treatment."[26] Further, by statute, Congress has expressed the view that these discretionary RDAP placement and release decisions should not be subject to wide-ranging judicial review.[27] Given this clear statutory text it has been held that:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination,

---

[26] 18 U.S.C. § 3621(e)(2).
[27] *See* 18 U.S.C. § 3625.

5

decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.[28]

Consistent with this settled legal authority, we have often held that RDAP placement, removal and early release decisions are consigned to the sound discretion of the BOP and simply are not cognizable in federal habeas corpus proceedings. As we have observed:

> [I]nmate challenges RDAP enrollment decisions in habeas corpus petitions, while frequently made, are rarely embraced by the courts. *Giannini v. Federal Bureau of Prisons*, No. 06-1166, 2010 WL 1427318 (D. Mn. Feb. 12, 2010)(collecting cases). Instead, noting the broad language of the statute in terms of the discretion of prison officials in making decisions regarding enrollment in the RDAP program, courts have held that: "There is no other language in the statute addressing the eligibility of prisoners for participation in RDAP, thus suggesting that Congress has granted BOP broad discretion in administering RDAP. *Cf. Lopez v. Davis*, 531 U.S. 230 (2001) (upholding BOP regulation that categorically excludes from early release consideration those RDAP participants who had possessed a firearm in connection with a nonviolent offense because statute limits such consideration to 'prisoner[s] convicted of ... nonviolent offense[s]')." *Goren v. Apker*. No. 05-9006, 2006 WL 1062904, *5 (S.D.N.Y. April 20, 2006)(emphasis added). Therefore, reasoning that "there is no constitutional right to rehabilitation, *see Marshall v. United States*, 414 U.S. 417 (1974)(in context of drug addiction, there is no fundamental right to rehabilitation after conviction) [courts have held that a] Petitioner cannot demonstrate a violation of his constitutional

---

[28] *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

rights by the conduct of the BOP [when making enrollment decisions in the RDAP program]." *Kokoski v. Felts*, 06-849, 2007 WL 2821085, *6 (S.D.W. Va. Sept. 27, 2007). Instead, it has been consistently held that in the absence of a showing that the Bureau of Prisons' decision was "arbitrary, capricious, or an abuse of discretion", *Wells v. Rivera*, No. 06-137, 2007 WL 4219002, *8 (N.D. Fla. Nov. 28, 2007), or "[a]bsent an allegation that the BOP violated established federal law, the United States Constitution, or exceeded the its statutory authority in making the determination that Petitioner was ineligible for RDAP, the Court does not have jurisdiction to review Petitioner's claim." *Johnston v. Thomas*, 2010 WL 2574090, *6 (D. Or. June 24, 2010).

Likewise, federal courts have typically rebuffed efforts like those made here to review and reverse discretionary RDAP expulsion decisions under the rubric of the courts' federal habeas corpus jurisdiction. *See e.g., Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011); *Douvos v. Quintana*, 382 Fed.Appx. 119 (3d Cir. 2009)(affirming denial of preliminary injunction in federal habeas case challenging RDAP expulsion); *Richardson v. Joslin*, 501 F.3d 415, 416 (5th Cir. 2007); *Cantz v. Warden of FCI Schuylkill*, No. 1:14-CV-02424, 2015 WL 8032530, at *1 (M.D. Pa. Aug. 17, 2015), *report and recommendation adopted*, No. 1:14 CV 2424, 2015 WL 8012922 (M.D. Pa. Dec. 7, 2015); *Owens v. Ziegler*, No. 5:11-CV-00864, 2012 WL 3782557, at *1 (S.D.W. Va. Aug. 31, 2012); *Anderson v. Thomas*, No. CV 10-6377 MO, 2011 WL 2680741, at *1 (D. Or. July 8, 2011); *Via v. Lyn,* No. 2:10 CV 101, 2011 WL 573389, at *1 (N.D.W. Va. Jan. 24, 2011), *report and recommendation adopted*, No. 2:10 CV 101, 2011 WL 573379 (N.D.W. Va. Feb. 15, 2011); *Martin v. Sanders,* No. CV 10-2075 AG JCG, 2010 WL 5563579, at *1 (C.D. Cal. Nov. 9, 2010), *report and recommendation adopted*, No. CV 10-2075 AG JCG, 2010 WL 5563850 (C.D. Cal. Dec. 31, 2010); *Hugel v. Bledsoe*, No. CIV.A.1:08-CV-1050, 2009 WL 1406252, at *4 (M.D. Pa. May 18, 2009).

In sum, Petitioner's own actions resulted in him being expelled from the privilege of participating in the RDAP program, a decision which is by statute consigned to the sound discretion of the Bureau of Prisons. While Cobbold is

disappointed by this decision, his claims raised are without merit. Accordingly, the petition for writ of habeas corpus will be dismissed.

## IV. CONCLUSION

Based on the foregoing, Cobbold's petition for writ of habeas corpus will be dismissed. Because Petitioner is not detained pursuant to a state court process, and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

> BY THE COURT:
>
> *s/ Matthew W. Brann*
> Matthew W. Brann
> United States District Judge